MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

STACEY GEIS (CABN 181444)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7126
   Facsimile:  (415) 436-7234
   E-mail: stacey.geis@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 11-00513 NC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| STEVEN ROBINSON, | Hearing Date: Dec. 14, 2011 |
| Defendant. | Time: 11:00 a.m. |

## I. INTRODUCTION

The defendant Steven Robinson ("Robinson") is scheduled to be sentenced before this Honorable Court on December 14, 2011. Robinson pleaded guilty on August 17, 2011 to a one count Information, which charged a felony violation of the Lacey Act, Title 16 U.S.C. §§ 3372(a)(2)(A) & 3373(d)(2) – Illegal Trade of Protected Wildlife, a misdemeanor. The United States files this pleading to address the offense conduct, the Guidelines calculations, and advise the Court of the United States' sentencing recommendation.

///

UNITED STATES'
SENTENCING MEMORANDUM
[CR 11-00513 NC]

## II. DISCUSSION

### A. Offense Conduct

In the presentence report ("PSR"), the Probation Officer provides an accurate description of the offense conduct in this case.  In brief, Robinson illegally collected from the French Polynesian Clipperton atoll fifty-two Clipperton angelfish, *Holacanthus limbaughi*, a protected species that required a French permit to take, and then mislabeled the fish as "blue passer" fish, *Holacanthus passer,* which come from Mexican waters and for which Robinson had a permit to import, in order to smuggle the shipment into the United States.

### B. Guidelines Calculation

In this case, the United States agrees with the PSR's final calculation of the Sentencing Guidelines.  The government agrees that the base offense level is 6. See U.S.S.G. § 2Q2.1(a).   There is a 2-level increase for commercial gain.  *See* U.S.S.G. § 2Q2.1(b)(1)(A).   There is a 8-level increase because the market value of the wildlife was greater than $70,000.  U.S.S.G. § 2Q2.1(b)(3)(A)(ii).  Thus, the adjusted offense level is 16.  There is a 3-level reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a), which results in an Adjusted Offense Level of 13.  Because Robinson has a Criminal History Category of I, the Guideline range is 12-18 months in Zone C.

### C. Government's Sentencing Recommendation

For the reasons set forth below, the government is recommending the Court accept the parties' recommendation and impose a prison sentence of forty-five (45) days for the conduct at issue, a fine of $2,000, and one year of supervised release.

The government submits this proposed sentence serves the goals of both the Sentencing Guidelines and Section 3553 of the Sentencing Reform Act.  While the government acknowledges that the recommended sentence falls below the applicable Guideline range, the government submits that under factors set forth at 18 U.S.C. § 3553, the recommended sentence adequately addresses the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment for the offense

committed.

One of the factors under § 3553 to consider is the history and characteristics of the defendant.  Here, Robinson has been a commercial tropical fish dealer for over three decades.  It is the government's understanding that, prior to this offense, Robinson had no history of notices of violation or other infractions that would otherwise lead the government to believe there was a pattern and practice of violating fish and wildlife regulations.  Moreover, Robinson is not wildlife dealer that regularly trades in the black market of endangered species.  He has a legitimate business which it appears he has operated within the law for a long time.  Robinson also appears to have a keen interest in protecting the environment in that he has worked to improve the methods by which tropical fish are caught.

Another § 3553 factor is seriousness of the offense.  The Clipperton Angelfish is not currently threatened or endangered.  Thus, it arguably falls outside of the scope of wildlife prosecutions that this Office typically brings.  That said, it is still a protected species and France requires a permit to take such a fish.  Importers and collectors of tropical fish need to realize that they must still comply with the permitting requirements of the country from where they collect or import tropical fish and cannot let greed dictate whether they comply or not.

Another § 3553 factor is the nature and circumstances of the offense.  While Robinson clearly deceived U.S. Fish & Wildlife (USFW) agents once he was in the United States with the fish, Robinson did attempt to contact USFW while he was near the Clipperton atoll to see if he could import the fish.  While he should have waited for an answer and obtained the necessary permit (if he could have gotten one), these facts mitigate to some extent the argument that he went to the Clipperton atoll with the intent to take the fish illegally.  Instead, Robinson covered up what happened once he arrived back to the United States.  In the end, he fully confessed to his wrongdoing and agreed to a pre-filing resolution, all of which justify a prison sentence below the recommended Guideline range.

Despite these mitigating factors, Robinson made a bad choice, one presumably based on greed and potential notoriety, when he decided to voyage to the Clipperton Atoll in the hopes of catching Clipperton angelfish. Upon catching over 50 fish (with a market value as high as $10,000/fish in Asian markets), he then decided to smuggle the fish into the United States by mislabeling them as permitted fish. While these fish are not currently endangered, they are still protected by the French authorities and a permit to take such fish was required. Robinson failed to obtain such a permit, and, based on his years of experience, the government submits knew such a permit would be needed (although possibly, if not likely, unattainable). As Robinson concedes, his actions constituted a crime of opportunity. Such actions merited a criminal prosecution, some loss of personal liberty, and a fine. The government does not believe, however, that his conduct, given the mitigating factors referenced above, warrants a six month sentence as the Guidelines and Probation recommend.

The government submits that a forty-five day prison sentence still provides adequate deterrence and sends a strong message both to Robinson, as well as other commercial traders of tropical fish in the Bay Area and elsewhere in the United States, that there are real consequences to mislabeling fish for commercial gain, including the loss of personal liberty. Having a commercial tropical fish dealer, who previously did not have a record of non-compliance, sent to federal prison will hopefully inform others in this business that the federal government is investigating and prosecuting these cases and that the courts are sentencing them to prison.

## IV.   CONCLUSION

For all of the foregoing reasons, the government recommends a sentence of forty-five days imprisonment followed by one year of supervised release. The government further recommends a fine of $2,000.

As to restitution that would go to victims of this crime, as with most environmental crimes and, in particular, wildlife crimes, there is no actual, identifiable victim who suffered a pecuniary loss from Robinson's crime of opportunity. The loss here is to the

species itself that may have been impacted by Robinson's actions, to the ecosystem that relied on this species and may have been impacted, to the country where this ecosystem is found, and to us, the general public and the generations to follow, who could one day face the potential loss of a species or an ecosystem, all because of the greed created by the trafficking of protected species. Such restitution cannot be realized, except through continued prosecutions, prison sentences and fines where appropriate, and greater awareness that wildlife crimes are being enforced.

DATED: December 7, 2011          Respectfully Submitted,

          MELINDA HAAG
          United States Attorney

          /s/ Stacey P. Geis
          STACEY P. GEIS
          Assistant United States Attorney